UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BOBBY LEE FAIR, JR.,

                Petitioner,

    v.

JUDGE CLIFTON, *et al.*,

                Respondents.

Case No. 3:20-cv-00460-MMD-CLB

ORDER

Petitioner Bobby Lee Fair, Jr., a *pro se* detainee housed at the Washoe County Detention Center, commenced this action by filing a Petition for Writ of Habeas Corpus (ECF No. 1-1). This habeas matter is before the Court on consideration of Fair's Application to Proceed *In Forma Pauperis* (ECF No. 1) as well as initial review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, Fair is ordered to resolve the filing fee and amend his petition on the approved form by October 2, 2020.[2]

**I.     APPLICATION TO PROCEED *IN FORMA PAUPERIS***

Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5.00 filing fee is required to initiate a habeas action in a federal district court. Indigent prisoners who do not have money to pay the $5.00 filing fee may request permission to proceed *in forma pauperis* ("IFP"). A prisoner's IFP application must be submitted on the Court's form and include three specific documents: (1) a copy of the prisoner's inmate trust account statement for the six-month period prior to filing; (2) a financial certificate signed by an authorized prison officer; and (3) the prisoner's financial declaration showing an inability to prepay fees and costs. *See* 28 U.S.C. § 1915; LSR 1-1, LSR 1-2.

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] Screening and consideration of Fair's Motion for Appointment of Counsel (ECF No. 1-2) are deferred until the filing fee is resolved.

Here, Fair has requested IFP status to waive his filing fee. However, he submitted a hand-written IFP application that does not contain the appropriate financial information or declaration required by federal law and the Local Rules of Practice. Although Fair may qualify for IFP status, the Court cannot make that determination because he has not submitted the correct IFP application, financial information, and declaration. Fair's IFP application is therefore denied without prejudice, and he has 45 days to submit a new IFP application or pay the $5 filing fee.

## II.     PETITION FOR WRIT OF HABEAS CORPUS

Fair did not file his petition on the appropriate form or in substantial compliance with the form but, instead, hand-wrote a petition on blank paper. His hand-written petition fails to disclose the required information. The form is important as it provides the Court with necessary information to conduct preliminary review of the petition. Accordingly, Fair must, within 45 days of the date of this order, file an amended petition on the Court's form.[3] In doing so, Fair is advised to follow the instructions on the form and to refrain from lengthy legal or factual argument.

In addition, the Court notes that Fair's petition appears to seek federal judicial intervention in a pending state criminal proceeding. The *Younger* abstention doctrine prevents federal courts from enjoining pending state court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury. *See Younger v. Harris*, 401 U.S. 37, 53-54 (1971). The United States Supreme Court has instructed that "federal-court abstention is *required*" when there is "a parallel, pending state criminal proceeding." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (emphasis added); *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) (stating that federal courts generally abstain from granting any relief that would interfere with pending state judicial proceedings). Irreparable

---

[3]Fair at all times remains responsible for calculating the applicable statute of limitations. By ordering Fair to amend his petition, the Court makes no finding or representation that either the original or amended petition will be considered timely.

injury does not exist if the threat to a petitioner's federally protected rights may be eliminated through his or her defense of the criminal case. *See Younger*, 401 U.S. at 46.

A state defendant seeking federal habeas relief to restrain ongoing state criminal proceedings must fully exhaust his state court remedies before presenting his constitutional claims to the federal courts. *See, e.g.*, *Arevalo v. Hennessy*, 882 F.3d 763, 764-67 (9th Cir. 2018) (finding that California petitioner properly exhausted his state remedies by filing two motions in the trial court, a habeas petition in the court of appeal, and a habeas petition in the state supreme court). The exhaustion requirement ensures that state courts, as a matter of federal-state comity, will have the first opportunity to review and correct alleged violations of federal constitutional guarantees. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). As a general rule, a federal court will not entertain a petition seeking intervention in an ongoing state criminal proceeding absent extraordinary circumstances, even when a petitioner's claims were otherwise fully exhausted in the state courts. *See, e.g.*, *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83-85 (9th Cir. 1980).

Should Fair choose to submit an amended petition, the Court will conduct an initial evaluation based the *Younger* abstention doctrine and any other applicable legal standards. If Fair chooses to file a petition, it must allege his claims for relief in short and plain terms, simply, concisely, and directly. This means Fair should avoid legal jargon and conclusions. Instead, he should summarize the information he believes to be relevant in his own words for each claim asserted. Case citations and exhibits are not a substitute for a proper petition. Fair should specifically identify what constitutional right(s) he believes were violated.

**III.    CONCLUSION**

It is therefore ordered that Petitioner Bobby Lee Fair, Jr.'s Application to Proceed *In Forma Pauperis* (ECF No. 1) is denied without prejudice.

///

///

It is further ordered that the Clerk of Court will mail Fair one blank copy of the IFP application form for inmates along with instructions, and one blank copy of the form petition for a writ of habeas corpus under 28 U.S.C. § 2241 along with instructions.

It is further ordered that Fair must file a completed IFP application on the Court's form by October 2, 2020, and must include: (1) a financial certificate signed by Fair and an authorized prison official; (2) Fair's financial acknowledgement and declaration; and (3) a copy of his inmate account statement for the six-month period prior to filing. Alternatively, Fair must pay the $5 filing fee by October 2, 2020.

It is further ordered that Fair must file an amended petition on the Court's form by October 2, 2020.

It is further ordered that initial screening and consideration of Fair's Motion for Appointment of Counsel (ECF No. 1-2) are deferred until he files an amended petition and resolves the filing fee.

It is further ordered that Fair's failure to comply with this Order on or before the October 2, 2020 deadline: (a) by submitting a completed IFP application with the required documents or paying the filing fee; or (b) by amending the petition, will result in the dismissal of this action without prejudice and without further advance notice.

DATED THIS 18th day of August 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE