1
2
3            UNITED STATES DISTRICT COURT
4            DISTRICT OF NEVADA
5   BOBBY LEE FAIR, JR.,                  Case No. 3:20-cv-00460-MMD-CLB
6                          Petitioner,            ORDER
7        v.
8   JUDGE CLIFTON, *et al.*,
9                          Respondents.

10        This habeas matter is before the Court on *pro se* Petitioner Bobby Lee Fair, Jr.'s

11   failure to comply with the Court's Order (ECF No. 3), as well as initial review under the

12   Rules Governing Section 2254 Cases.[1]

13   **I.   BACKGROUND**

14        In August 2020, Fair initiated this case *pro se* as a pretrial detainee housed at the

15   Washoe County Detention Center.[2] He submitted a hand-written petition for writ of habeas

16   corpus, anapplication to proceed *in forma pauperis* ("IFP"), and additional documents.

17   (ECF No. 1.) Fair's IFP application and petition were not filed on the appropriate court

18   forms or in substantial compliance with the forms but were, instead, hand-written on blank

19   paper. The IFP application did not contain the appropriate financial information or

20   declaration required by federal law and the Local Rules of Practice. The Court therefore

21   ordered Fair to either pay the $5 filing fee or submit a complete IFP application with all

22   required attachments by October 2, 2020.[3] (ECF No. 3.) Fair was warned that a failure to

23   _____

24        [1]All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the
     Rules Governing Section 2254 Cases in the United States District Courts.

25        [2]Although he has not submitted written notice of a change of address as required
26   by LR IA 3-1 and LR 2-2 of the Local Rules of Practice, it appears that Fair is now in
     custody at Lakes Crossing Center. (*See* ECF No. 4-1.)

27        [3]A $5.00 filing fee is required to initiate a habeas action in a federal district court.
28   28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees. The Court may authorize a
     person to begin a habeas action without prepaying the $5 filing fee if he or she shows

1   comply with the order by resolving the filing fee would result in the dismissal of this action

2   without prejudice and without further advance notice. (*Id.*)

3   **II.   DISCUSSION**

4        The deadline to resolve the filing fee issue expired over two months ago. To date,

5   Fair has not paid the $5 filing fee or filed a completed IFP application. Rather, he filed an

6   incomplete IFP application (ECF No. 4) and a separate affidavit stating that staff members

7   "refused in every way and opportunity to provide [him] a printed copy of his account or

8   sign," and urging the Court to accept his submission alone to demonstrate his indigency.

9   (ECF No. 4-2.) However, the Court lacks authority under § 1915 to excuse the statutory

10  requirements, and dismissal is now warranted for his failure to comply with the Court's

11  order (ECF No. 3), or the Local Rules of Practice.

12       Even if Fair had resolved the filing fee issue, this action would still be subject to

13  dismissal because he seeks federal judicial intervention in a pending state criminal

14  proceeding. As explained in the prior order, the *Younger* abstention doctrine prevents

15  federal courts from enjoining pending state court criminal proceedings, even if there is an

16  allegation of a constitutional violation, unless there is an extraordinary circumstance that

17  creates a threat of irreparable injury. *See Younger v. Harris*, 401 U.S. 37, 53-54 (1971).

18  The United States Supreme Court has instructed that "federal-court abstention is *required*"

19  when there is "a parallel, pending state criminal proceeding." *Sprint Commc'ns, Inc. v.*

20  *Jacobs*, 571 U.S. 69, 72 (2013) (emphasis added); *see also Gilbertson v. Albright*, 381

21  F.3d 965 (9th Cir. 2004) (federal courts generally abstain from granting any relief that

22  would interfere with pending state judicial proceedings). Irreparable injury does not exist

23  if the threat to a petitioner's federally protected rights may be eliminated through his or her

24  defense of the criminal case. *See Younger*, 401 U.S. at 46.

25  _____

26  indigency by submitting an IFP application on the Court's form that also includes three
    specific documents: (1) a copy of the prisoner's inmate trust account statement for the six-

27  month period prior to filing; (2) a financial certificate signed by an authorized prison officer;
    and (3) the prisoner's financial declaration showing an inability to prepay fees and costs.

28  *See* 28 U.S.C. § 1915; LSR 1-1, 1-2.

Moreover, a state defendant seeking federal habeas relief to restrain ongoing state criminal proceedings must fully exhaust his state court remedies before presenting his constitutional claims to the federal courts. *See Arevalo v. Hennessy*, 882 F.3d 763, 764-67 (9th Cir. 2018). The exhaustion requirement ensures that state courts will have the first opportunity to review and correct alleged violations of federal constitutional guarantees. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeals or collateral proceedings to the highest state court level of review available. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc). As a general rule, a federal court will not entertain a habeas petition seeking intervention in an ongoing state criminal proceeding absent extraordinary circumstances, even when a petitioner's claims were otherwise fully exhausted in the state courts. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83-85 (9th Cir. 1980).

In response to Court's the prior order (ECF No. 3), Fair submitted a new petition under 28 U.S.C. § 2241 on the Court's form. (ECF No. 4-1.) The new petition represents that he is being held as a pretrial detainee at Lakes Crossing Center by state authorities. (*Id.* at 1-2.) He seeks to challenge a "false allegation of incompetency," and alleges he was arrested on probable cause in July 2020 but, based on the finding of incompetency, he has not been arraigned on charges or given a bond hearing for over 100 days. (*Id.* at 2, 6.) He represents that he challenged the Reno Justice Court's incompetency finding to the Second Judicial District Court for Washoe County. (*Id.* at 2-3.) However, the petition does not demonstrate that he fully exhausted his state court remedies to Nevada's appellate courts. Additionally, the petition does not allege nor demonstrate any extraordinary circumstances. Defendants in state criminal proceedings routinely allege that pretrial detention violates their constitutional rights, which makes this a regular occurrence, not an extraordinary circumstance. Fair's pretrial motion practice may also eliminate any threat to his federally protected rights. Thus, even if Fair had resolved the

1   filing fee issue, abstention and dismissal would still be required.

2   **III.   CONCLUSION**

3       It is therefore ordered that Petitioner Bobby Lee Fair, Jr.'s Amended Petition for
4   Writ of Habeas Corpus (ECF No. 4-1) is dismissed without prejudice.

5       It is further ordered that Fair's IFP Application (ECF No. 4) and Motion for
6   Appointment of Counsel (ECF No. 1-2) are denied as moot.

7       Fair is denied a certificate of appealability, as jurists of reason would not find
8   dismissal of the petition for the reasons stated herein to be debatable or wrong.

9       The Clerk of Court is instructed to add Nevada Attorney General Aaron D. Ford as
10  counsel for Respondents. No response is required from Respondents other than to
11  respond to any orders of a reviewing court.

12      Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court
13  is directed file the Petition (ECF No. 4-1), and informally serve the Nevada Attorney
14  General with the petition and this order by sending a notice of electronic filing to the
15  Nevada Attorney General's office.

16      The Clerk of Court is further directed to enter final judgment accordingly, dismissing
17  this action without prejudice, and close this case.

18      DATED THIS 28th Day of December 2020.

19
20  _____
21  MIRANDA M. DU
    CHIEF UNITED STATES DISTRICT JUDGE
22
23
24
25
26
27
28

4